# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAVID B. NOLAN, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20-1011C |
| v. | ) | (Senior Judge Wolski) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## **DEFENDANT'S MOTION TO DISMISS *PRO SE* COMPLAINT**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court dismiss the complaint filed by *pro se* plaintiff, David B. Nolan, Sr., for lack of subject-matter jurisdiction.

The complaint is very brief and contains little in the way of facts, but the cognizable allegations do not raise claims that fall within this Court's jurisdiction. The complaint apparently seeks a "show cause" order regarding: (1) sick and annual leave owed to Mr. Nolan under the Back Pay Act since 1979; (2) an inquiry into the appointment of Merit Systems Protection Board (MSPB) judges related to a "trial" from 1980; (3) "why [] LBJ, Nixon, and Hoover [have not] been investigated for 11/20 through 11/22 in 1963 JFK assassination"; and (4) whether certain individuals and the Court have engaged in racketeering and thereby put Mr. Nolan "in a false light under 18 USC 1961." Compl. at 1-2.

First, the complaint does not state a claim within the jurisdiction of this Court pursuant to the Back Pay Act. The Tucker Act, 28 U.S.C. § 1491, this Court's primary jurisdictional statute, waives the Government's sovereign immunity for suits founded upon a Government contract or a money-mandating statute, Federal executive regulation, or constitutional provision. 28 U.S.C. § 1491(a)(1); *see United States v. Mitchell*, 463 U.S. 206, 215-18 (1983). Although the Back

Pay Act is "a 'money-mandating' statute when based on violations of statutes or regulations covered by the Tucker Act," *Worthington v. United States*, 168 F.3d 24, 26 (Fed. Cir. 1999), the complaint does not allege any such violation, nor does it include any facts addressing Mr. Nolan's alleged entitlement to back pay for annual or sick leave, Compl. at 1-2. Moreover, to the extent a claim under the Back Pay Act is based on a personnel action covered by the Civil Service Reform Act (CSRA), this Court does not possess jurisdiction to hear such claim. *See Worthington*, 168 F.3d at 26 ("This court has noted that [*United States v. Fausto*, 484 U.S. 439 (1988)] deprives the Court of Federal Claims of jurisdiction over personnel actions covered by the CSRA.").[1] In addition, it appears the claims Mr. Nolan raises are barred by this Court's six-year statute of limitations. *See* 28 U.S.C. § 2501 ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."); Compl. at 1-2 (seeking back pay owed for available sick and annual leave since 1979).

Second, Mr. Nolan has not identified a jurisdictional basis for this Court to consider "why there is no appointment as required for three MSPB appeal judges." Compl. at 1. Again, the Tucker Act waives the Government's sovereign immunity for suits founded upon a Government

---

[1] The complaint cites "U.S. v. MacLean (2015)." Compl. at 2. This is presumably a reference to *Department of Homeland Security v. MacLean*, 574 U.S. 383 (2015), a case in which the United States Supreme Court concluded that a disclosure of sensitive security information, prohibited by Transportation Security Administration regulation, was not "specifically prohibited by law" under the Whistleblower Protection Act (WPA), and the whistleblower was therefore covered by the WPA's protections. If Mr. Nolan references this case because he alleges he is owed back pay for some violation of the WPA, this Court does not possess jurisdiction over such a claim. *See, e.g.*, *Ho v. United States*, 49 Fed. Cl. 96, 106 (2001) ("Whistleblower protection is within the scope of the [CSRA]. The court therefore has no jurisdiction of a [WPA] claim."); *Downey v. United States*, No. 19-1730C, 2019 WL 6173722, at *2 (Fed. Cl. Nov. 19, 2019) (explaining that violations of the WPA "are corrected through the dispute-resolution mechanisms available to civil servants, not through an action in this Court").

contract or a money-mandating statute, Federal executive regulation, or constitutional provision. 28 U.S.C. § 1491(a)(1). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). The substantive right must be found in another source. Mr. Nolan has not identified any such source for this Court to address claims related to the appointment of MSPB administrative judges. *See Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) ("[T]he leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.").[2]

Third, to the extent Mr. Nolan raises criminal claims or claims based on the Racketeer Influenced and Corrupt Organizations Act (RICO), *see* Compl. at 1, 2 (alleging treason, assassination, and citing 18 U.S.C. § 1961), this Court does not possess jurisdiction to hear such claims. *See Stanwyck v. United States*, 127 Fed. Cl. 308, 314 (2016) ("[T]he principle that we do not exercise jurisdiction over criminal claims has been universally and thoroughly well-established by decisions of our court, never once disturbed on appeal. This persuasive authority includes criminal claims arising under RICO." (internal citations omitted)); *see also id.* at 315 ("RICO [] provides for a civil action within the exclusive federal jurisdiction of U.S. district courts, and not this court.").

For these reasons, we respectfully request that the Court dismiss the complaint for lack of subject-matter jurisdiction.

---

[2] To the extent Mr. Nolan attempts to raise a due process challenge, this Court lack jurisdiction to hear such claims. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act.").

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/ Patricia M. McCarthy
PATRICIA M. MCCARTHY
Assistant Director

s/ Reta E. Bezak
RETA E. BEZAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-0041
Fax: (202) 305-1571

October 9, 2020

*Attorneys for Defendant*

<u>Certificate of Service</u>

I hereby certify that on this 9th day of October, 2020, I caused to be placed in the United States mail (first-class, postage prepaid), copies of "DEFENDANT'S MOTION TO DISMISS *PRO SE* COMPLAINT" addressed as follows:

David B. Nolan, Sr.<br>
900 N. Taylor Street #1611<br>
Arlington, VA 22203

                                                           s/ Reta E. Bezak
                                                         RETA E. BEZAK